## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

PATRICIA L. GUY,

        Plaintiff,

v.                                                  Case No. 08-C-0309

ADMINISTRATOR LEONARD BRADY,
MARK CIMBALNIK, ANTONIO PEREZ,
STEVEN JOHNSON, and MAURICE PULLEY,

        Defendants.

## ORDER

        The pro se plaintiff, Patricia L. Guy, seeks leave to proceed in forma pauperis in this action against the defendants Leonard Brady, Mark Cimbalnik, Maurice Pulley, Antonio Perez, and Steven Johnson on claims that arise out of the death of her mother in July 2003.

        The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to insure that indigent litigants have meaningful access to the federal courts. Neitzke v. Williams, 490 U.S. 319, 324 (1989). To that end, § 1915(a) allows an indigent party to commence an action in federal court without having to pay costs and fees. Access is not unlimited however. Congress recognized that some nonpaying litigants would try to abuse the privilege. Accordingly, it authorized the courts to dismiss a claim filed in forma pauperis if the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

        The plaintiff's petition and affidavit for leave to proceed in forma pauperis states that she is single, unemployed, has no assets and receives $716.00 in social security benefits. She pays $580.00 for rent and $83.00 for utilities each month. From this, the court concludes that the plaintiff meets the poverty requirements of 28 U.S.C.§ 1915(a). Another question is

whether the complaint is frivolous. A complaint is frivolous if it has no arguable basis in law or fact or if the plaintiff is unable to make any rational argument in law or fact that would entitle her to relief. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke, 490 U.S. at 325. The court has the authority to dismiss any claim based on an indisputably meritless legal theory and any claim whose factual contentions are clearly baseless.

Since August 29, 2003, the plaintiff has filed numerous civil actions in this federal district court. All of the actions relate to the July 2003 death of the plaintiff's mother. With the exception of Mr. Antonio Perez and Officer Steven Johnson, the plaintiff has previously filed actions against each of the defendants in this case.

The plaintiff alleges that Leonard Brady, the administrator of her mother's estate, "failed at his duties as administrator and willingly let the Estate/property of my deceased mother be illegally sold three times over, none of the money for the purchase of the property/Estate has gone to the siblings of the Estate as 'The language of the will states.'" (Complaint at 12). The plaintiff previously filed a case against Mr. Brady, case No. 04-CV-105. United States District Court Judge Thomas J. Curran dismissed the case pursuant to 28 U.S.C. § 1915(d)(2). Judge Curran concluded that:

> Brady is entitled to quasi-judicial immunity for carrying out the orders of the probate court. See Henry v. Farmer City State Bank, 808 F.2d 1228, 1238 (7th Cir. 1986). Nothing in the Complaint suggests that Brady acted outside the scope of his authority or did not act pursuant to court orders. Therefore, he is entitled to immunity and the claims against him must also be dismissed.

(February 27, 2004, Decision and Order in 04-CV-105).

The plaintiff alleges that Mark Cimbalnik purchased property illegally and then, on January 24, 2004, he and his friends with the help of officer Steven Johnson, "illegally raided and broke into the Estate of my Mother Mary E. Guy while, the Estate was still under the Authority of Administrator Leonard Brady, conveying 'Fraud and Conspiracy.'" (Complaint at

- 2 -
Case 2:08-cv-00309-PJG   Filed 10/16/08   Page 2 of 6   Document 7

3). The plaintiff also alleges that on January 24, 2004, Officer Steven Johnson "was illegally at my Mother Mary E. Guy Estate conveying, obstruction of Justice, misconduct, conspiracy and accessory to a crime with Mark Cimbalnik and his friends." (Complaint at 4). The plaintiff further alleges that "this claim is brought on as a follow up to case 04-CV-506 Maio, Prebish et al, in which my photos where (sic) filed as evidence." Id. In case no. 04-CV-506, the jury concluded that Officers Maio and Prebish neither lacked probable cause to arrest the plaintiff on January 1, 2004, nor used excessive force in effecting the arrest.

The plaintiff previously filed a case relating to her January 24, 2004, eviction, Case No. 04-CV-961. Chief United States District Court Judge Rudolph T. Randa dismissed the case pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction. According to the court, it lacked subject matter jurisdiction over the action under the Rooker-Feldman doctrine:

> The only actions by [the] Cimbalniks of which Guy complains relate to the state court eviction lawsuit that they brought against her. Guy disagrees with Mark Cimbalnik's interpretation of the facsimile from the City of Milwaukee Housing Authority. She claims that he committed perjury and broadly claims that her rights are subject to conspiracy violations, 'by Writ of Eviction given by Judge McDonald.' Guys contentions in this action are inextricably intertwined with the state eviction proceeding. Furthermore, in the state court proceedings, Guy had reasonable opportunity to raise the issues she now presents.

(November 10, 2004, Decision and Order in Case No. 04-CV-961).

The plaintiff alleges that Maurice Pulley "intentionally made a fraudulent conveyance of the plaintiff's real property based on 1) without the permission of the parties as required by law, 2) without the parties signing on to the conveyance as required by law, 3) without the owner of the property signing as required by law, 4) without listing the specific property as required by law." (Complaint at 4 ). The plaintiff previously filed Case No. 04-CV-1080 against Mr. Pulley. In a decision and order dated November 15, 2004, Judge Randa dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). With respect to Mr. Pulley, the court

- 3 -
Case 2:08-cv-00309-PJG   Filed 10/16/08   Page 3 of 6   Document 7

concluded that he was a private citizen and there was no indication that either of the exceptions under which private citizens may be brought within the scope of 42 U.S.C. § 1983 was applicable to Mr. Pulley.

The plaintiff alleges that "housing director" Antonio M. Perez informed the plaintiff that Mark Cimbalnik assumed "the contract." (Complaint at 5). The plaintiff alleges that there was no contract other than the one signed by her mother and filed in case 04-CV-921. She further alleges that "[a]fter, I had followed all rules of the housing program he still rude (sic) discriminated against me. I demand a fair Jury Trial. The claim is overbearing because he 'supports' the illegal owner of my Mother Mary E. Guy's Estate a Mr. Mark Cimbalnik but, he nor Mr. Cimbalnik has a contract/lease they can produce" as it pertains to the HUD or Public Housing Authority's contract rules and regulations. Id.

Although the plaintiff did not previously file an action against Mr. Perez she did file an action against Debra LaRosa and the City of Milwaukee Housing Authority, Case No. 04-CV-021. Mr. Perez is the Secretary-Executive Director of the City of Milwaukee Housing Authority. On March 26, 2008, the plaintiff filed a motion to reopen Case No. 04-CV-021, asserting that she had new evidence that Mr. Perez "informed her 'that Mr. Mark Cimbalnik assumed the contract' but when Guy requested 'this contract/lease . . . from the Housing Authority there was not that [the Secretary-Executive Director] could give [guy] other' than the one signed by Guy's mother." (March 27, 2008, Order in Case No. 04-CV-921 at 1).

United States Magistrate Judge Aaron E. Goodstein denied the plaintiff's motion, concluding that the new evidence would not change the outcome of the case. The court stated that it had "granted the defendants' motion for summary judgment because it was undisputed that Guy was never deprived of benefits set forth in the Housing Assistance Payment Contract and Guy lacked standing to pursue her other claims." Id. at 2.

In a previous order dismissing the case, the court summarized the plaintiff's position with respect to the Housing Authority. The court stated that the plaintiff was asserting "that the defendants should have paid housing subsidies to the Estate of Mary Guy, after her death on June 10, 2003. Had those payments been made to the Estate, Guy contends that the money would have been split between herself and other of Mary's heirs." (March 17, 2006, Order Granting the Defendants' Motion for Summary Judgment and Denying Guy's Motion for Summary Judgment at 6). In granting the defendants' motion for summary judgment, the court concluded that the plaintiff did not have standing to seek subsidies that should have been paid to her mother's estate because she was not the estate's appointed administrator. The court also indicated that the plaintiff repeatedly claimed that she wanted justice in regard to what she viewed as conspiracy regarding the transfer of property. The court stated that the "issues raised by Guy are within the special jurisdiction of the Wisconsin probate court, if raised by the Estate's administrator." Id. at 7.

Res judicata is an affirmative defense which can be raised pursuant to Fed. R. Civ. P. 8(c). The doctrine of res judicata, or claim preclusion, bars parties or their privies from relitigating a final judgment on the merits where the issues were or could have been raised in the first action. Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); Highway J Citizens Group v. United States Dep't of Transp., 456 F.3d 734, 741 (7th Cir. 2006). It operates to prevent the litigation of any claim or any ground for recovery that was available to a party in a prior action, whether or not the prior judgment actually determined that claim or ground. Allahar v. Zahora, 59 F.3d 693, 696 (7th Cir. 1995). To apply, the doctrine requires (1) a prior final judgment on the merits; (2) the same claim; and (3) the same parties or their privies. Tartt v. Northwest Community Hospital, 453 F.3d 817, 822 (7th Cir. 2006).

Although claim preclusion is an affirmative defense that the defendant generally must raise or risk waiving, Fed. R. Civ. P. 8(c), a district court has discretion to invoke claim preclusion to dismiss the case if the defense "is so plain from the language of the complaint and other documents in the district court's files that it renders the suit frivolous." Gleash v. Yuswak, 308 F.3d 758, 760 (7th Cir. 2002). This is such a case.

In many cases, the claims raised in this action are exactly the same as the claims raised in previous actions. Some of them are also against identical defendants. All of the claims, however, arise out of the same factual allegations. Claims raised in separate actions are the same for purposes of claim preclusion if they are rooted in the same factual allegations. Tartt, 453 F.3d 817, 822 (7th Cir. 2006).

Accordingly, for the reasons stated herein, the court concludes that this action is barred by the doctrine of claim preclusion. In light of the foregoing, the plaintiff's request to proceed in forma pauperis in this action will be denied and this action will be dismissed.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for to proceed in forma pauperis be and hereby is **DENIED.** (Docket #3).

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 16th day of October, 2008.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge